USCA1 Opinion

 

 June 18, 1992 ____________________ No. 91-2320 JAMES P. KYRICOPOULOS, Plaintiff, Appellant, v. TOWN OF ORLEANS, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ James P. Kyricopoulos on brief pro se. _____________________ Kimberly M. Saillant and Morrison, Mahoney & Miller on brief for ____________________ ___________________________ appellee. ____________________ ____________________ Per Curiam. Appellant James P. Kyricopoulos ____________ appeals from the judgment of the district court granting the motion for summary judgment of appellee Town of Orleans. I. __ Appellant filed a complaint under 42 U.S.C. 1983 in which he alleged that he had been "maliciously" arrested without probable cause, that an Orleans police officer had "maliciously" obtained a search warrant without probable cause, and that this officer had committed perjury both before the grand jury and at appellant's state criminal trial. Appellant sought $32,000,000 in damages. Appellant was indicted on charges of larceny by false pretenses concerning the sale and leasing of motor vehicles from Atlantic Security Leasing Corp. ("Atlantic"), a company which appellant allegedly owned. A jury-waived trial was held on February 6 and 7, 1989. Appellant was found guilty. He then filed a timely notice of appeal. Before the Massachusetts Appeals Court ruled on his appeal, however, appellant initiated the present action. Thus, had the town raised the issue, Younger abstention would in all probability _______ have required the district court to abstain from adjudicating the 1983 action until the completion of the criminal proceedings.1 Because Younger abstention may be waived, see _______ ___ ____________________ 1. Under Younger v. Harris, 401 U.S. 37 (1971), a federal _______ ______ court, in the absence of extraordinary circumstances, cannot interfere with a pending state criminal prosecution. Younger _______ -2- Ohio Bureau of Employment Services v. Hodory, 431 U.S. 471, ___________________________________ ______ 480 (1977), we need not address the issue. After holding a hearing on the town's motion for summary judgment, the district court dismissed appellant's action on the following grounds: (1) there was probable cause to arrest appellant at the time the arrest occurred; (2) qualified immunity shielded the police officer who arrested appellant from liability for damages; and (3) absolute immunity protected this officer from liability for testimony given at the grand jury and at trial. The court also stated that to the extent appellant was mounting a "collateral attack" on his state prosecution, 1983 did not provide the basis for such an action. II. ___ Because the district court clearly was correct in finding the police officer absolutely immune for testimony given at trial, see Briscoe v. LaHue, 460 U.S. 325 (1983), ___ _______ _____ and before the grand jury, see Frazier v. Bailey, 957 F.2d ___ _______ ______ ____________________ abstention applies to the situation where, as here, state appellate remedies had yet to be exhausted when the 1983 action was filed. See Huffman v. Pursue, Ltd., 420 U.S. 592 ___ _______ ____________ (1975); cf. New Orleans Pub. Serv., Inc. v. Council of New ___ _____________________________ ______________ Orleans, 491 U.S. 350, 368-69 (1989) (litigant may not pursue _______ equitable remedy in federal court while "concurrently challenging the [state] trial court's judgment on appeal"). As for 1983 damages actions, it is appropriate to stay the _______ federal action pending the conclusion of the state criminal proceedings. See Deakins v. Monaghan, 484 U.S. 193, 202 ___ _______ ________ (1988) (district court has no discretion whether to dismiss rather than to stay claims for money damages where such remedy not available in state proceeding). -3- 920, 931 n.12 (1st Cir. 1992), we address only the questions concerning probable cause. Although we affirm the judgment of the district court concerning this issue, we do so on a different ground. See Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 7 ___ ____________ _________________________ (1st Cir. 1990) (court of appeals may affirm on "any independently sufficient ground"). While this appeal was pending, the Massachusetts Appeals Court affirmed appellant's conviction, see Commonwealth v. Kyricopoulos, 31 Mass. App. ___ ____________ ____________ Ct. 1122, 585 N.E.2d 353 (1992), and the Massachusetts Supreme Judicial Court denied appellant's request for further appellate review. See Commonwealth v. Kyricopoulos, 412 ___ ____________ ____________ Mass. 1101, 588 N.E.2d 691 (1992). This has resulted in a final state court judgment. The full faith and credit statute, 28 U.S.C. 1738, requires us to give "the same preclusive effect to state court judgments -- both as to claims and issues previously adjudicated -- as would be given in the state court system in which the federal court sits." Willhauck v. _________ Halpin, 953 F.2d 689, 704 (1st Cir. 1991). We therefore look ______ to Massachusetts law to determine whether appellant is barred by his conviction from relitigating the question of probable cause. Under Massachusetts law, issue preclusion (or collateral estoppel) is appropriate where there is "an -4- identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment by a court or tribunal of competent jurisdiction." Miles v. Aetna Casualty _____ ______________ & Surety Co., 412 Mass. 424, 427, 589 N.E.2d 314, 317 (1992). ____________ Massachusetts no longer requires mutuality of parties to invoke issue preclusion. Thus, where the party in whose favor collateral estoppel is to be applied was not a litigant in the original action, the central inquiry is whether the party against whom issue preclusion will be applied had a fair opportunity to litigate the issue fully or whether reasons exist to afford the party a chance to relitigate the issue. Brunson v. Wall, 405 Mass. 446, 451, 541 N.E.2d 338, _______ ____ 341 (1989). Although the district court record does not contain the entire transcript of appellant's criminal trial, it seems likely that the issue of probable cause was litigated at the trial. Various pages from the criminal trial transcript attached to appellant's opposition to the town's motion for summary judgment and to appellant's brief on appeal reflect that appellant cross-examined the Orleans police officer concerning the search warrant. Appellant also raised, at his state trial, the questions whether he "owned" Atlantic and whether the checks representing sales of vehicles had been "cashed" or "deposited" -- the grounds on which appellant -5- apparently bases his claim of lack of probable cause for his arrest. Moreover, at the hearing on the motion for summary judgment, appellant stated that he had raised, and the state trial court had considered, the question of the relation of corporate ownership to appellant's status when he was arrested. See Addendum B to Appellee's Brief, at B-32 to B- ___ 33. Finally, the first page of the brief appellant filed in the Massachusetts Appeals Court, attached to appellant's amended opposition to the motion for summary judgment, specifically lists as issues on appeal whether appellant was falsely arrested and whether the search warrant was illegal under the Fourth Amendment to the United States Constitution. In any event, the above is more than sufficient to show that appellant had a "full and fair opportunity" to raise the probable cause questions at his criminal trial. The other requirements necessary for the application of collateral estoppel are also present in this case. First, the state conviction, affirmed on appeal, is a valid and final judgment. Second, while the town and the individual defendant were not parties to the state prosecution, the conduct of the police officer was an issue. The affirmance of appellant's conviction indicates that the Massachusetts Appeals Court concluded that the police officer's actions in arresting appellant and in obtaining a search warrant did not -6- result in a violation of appellant's Fourth Amendment rights. Under Massachusetts law, these circumstances prevent appellant from relitigating this question. See Brunson, 405 ___ _______ Mass. at 450-51, 541 N.E.2d at 341 (where MCAD determined that individual employees' actions were not based on race, plaintiff was precluded from relitigating same issue in later civil suit even though only the employer, not the individual employees, was a party in MCAD proceeding). We, therefore, affirm the judgment of the district ______ court. As a result, appellant's motion for judgment is moot. -7-