USCA1 Opinion

 

 August 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1140 NAZZARO SCARPA, Plaintiff, Appellant, v. JOSEPH DESMOND, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Nazzaro Scarpa on brief pro se. ______________ A. John Pappalardo, United States Attorney, and Suzanne E. ____________________ ___________ Durrell, Assistant United States Attorney, on Memorandum in Support of _______ Appellee's Motion for Summary Disposition, for appellee. ____________________ ____________________ Per Curiam. Upon review of the parties' briefs and the __________ record on appeal, we find no error in the district court's dismissal of plaintiff's complaint based on the reasons set forth in the defendant's memorandum. We add only that, in any event, plaintiff's allegation that the defendant committed perjury, even accepted as true for purposes of the motion to dismiss, does not support a civil rights claim for damages. See Briscoe v. LaHue, 460 U.S. 325 (1983) (holding ___ _______ _____ that a police officer witness is entitled to absolute immunity against a 1983 claim; alleged perjury at trial); Kyricopoulos v. Town of Orleans, 967 F.2d 14, 16 (1st Cir. ____________ ________________ 1992) (same; alleged perjury before grand jury and at trial); see also Butz v. Economou, 438 U.S. 478, 504 (1978) (stating ___ ____ ____ ________ that, for purposes of immunity law, there is no distinction between suits brought against state officials under 1983 and suits brought directly under the Constitution against federal officials). Affirmed. ________