Timothy T. RYAN, Jr., Plaintiff–
Appellant,

v.

DuPAGE COUNTY JURY COMMISSION
and Daniel J. Amati, Jury Administrator,
Defendants–Appellees.

No. 96–1595.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 17, 1996.

Decided Dec. 23, 1996.*

---

\* This opinion was initially released as an unpublished order pursuant to Circuit Rule 53. Pursuant to subsection (d)(3) of that rule, a request was made to publish the decision, which we have granted.

Timothy T. Ryan, Jr. (submitted), Warrenville, IL, pro se.

Thomas F. Downing, DuPage County States Attorney, Wheaton, IL, for Defendants–Appellees.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

PER CURIAM.

█ Ryan was a defendant in two criminal jury trials in DuPage County in 1991 and 1992 and he was found guilty at each trial. Ryan believes that the jury selection system used in each case was unfairly prejudicial in selecting members. He claims that the selection system unfairly excluded individuals from the general jury pool who are Democrats, young, low income, non-Caucasian, or living in lower-income neighborhoods. (R. at 11.) Accordingly, he brought suit under 42 U.S.C. § 1983 claiming that the defendants deprived him of his constitutional rights by employing unfair jury selection procedures in two of his criminal trials. The district court swiftly ruled that a decision on the merits of his claim would affect the validity of his confinement, and thus, that his claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because we agree that Ryan's claim cannot be resolved without inquiring into the validity of his convictions, we affirm.

█ *Heck* holds that in order to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has been invalidated by the state or by a federal writ of habeas corpus. *Id.*, at 486–87, 114 S.Ct. at 2372. On appeal, Ryan argues that his § 1983 claim is distinguishable from the type barred by *Heck* because he is not challenging the validity of his convictions. Instead, he claims that he is merely seeking damages for unconstitutional procedures used during the jury selection phase of his trials. Although he failed to support his argument with any legal authority in his initial brief, *see Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point."), he

points to *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), in his reply brief.

 Even if we disregarded Ryan's forfeiture, he has not demonstrated a right to a merits review of his claim. As the Supreme Court has recently indicated, the injury alleged—and not the relief sought—determines whether a claim implicates the validity of a sentence or conviction. *See Heck*, 512 U.S. at 480–83, 114 S.Ct. at 2369–70; *see also Wolff*, 418 U.S. at 553–54, 94 S.Ct. at 2973; *Clayton–EL v. Fisher*, 96 F.3d 236, 242 (7th Cir.1996). Although some constitutional injuries do not impeach the validity of a conviction, *see Simpson v. Rowan*, 73 F.3d 134 (7th Cir.1995) (illegal search and arrest claims are not barred by *Heck* ), *cert. denied*, —— U.S. ——, 117 S.Ct. 104, 136 L.Ed.2d 58 (1996); *Curtis v. Bembenek*, 48 F.3d 281 (7th Cir. 1995) (claim alleging police officer gave perjurious testimony during a preliminary hearing and a pretrial suppression hearing not barred by *Heck* ), the injury that Ryan complains of necessarily undermines the validity of the conviction. It is fundamental that a conviction cannot stand if it was not decided by an "indifferently chosen" jury. *See, e.g., Batson v. Kentucky*, 476 U.S. 79, 87, 106 S.Ct. 1712, 1718, 90 L.Ed.2d 69 (1986) (noting that the harm from discriminatory jury selection undermines the fairness of the defendant's trial and offends our fundamental system of justice). Stated another way, winning on his unfair jury claim would render his convictions invalid. Thus, Ryan's § 1983 claim is barred by *Heck*. This is not to say that Ryan's claims will never be cognizable. To make his claims accrue under § 1983, Ryan must prove that because of the alleged constitutional deficiencies that his convictions were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. That it may be difficult—or even impossible—to get his convictions reversed or expunged does not constitute a reason to bypass the holding of *Heck*.

For these reasons, the judgment of the district court is AFFIRMED.