**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

————————

No. 03-1616

ARTHUR J. JACKSON, JR.,

Plaintiff, Appellant,

v.

CITY OF CAMBRIDGE, ET AL.,

Defendants, Appellees.

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

————————

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

————————

Arthur Jackson, Jr. on brief pro se.
Merita A. Hopkins and Thomas R. Donohue on brief for appellees
City of Boston and Eugene Hurley.
Birge Albright on brief for appellee City of Cambridge.

————————

December 31, 2003

————————

**Per Curiam**.   Pro se appellant Arthur Jackson, Jr., appeals from the dismissal of his suit under 42 U.S.C. § 1983.   After careful review of the record and the parties' briefs, we affirm, essentially for the reasons given by the district court in its Memorandum and Order dated April 3, 2003.   We add only the following comments.

We see no need to decide whether the double jeopardy claim was barred by res judicata, as the district court held, because that claim was properly dismissed for other reasons.   In part, the claim was based on the time served sentence for appellant's armed robbery conviction, which allegedly did not credit appellant for time served on a prior mutually exclusive conviction which had been vacated.   But the defendants played no role in securing the time served sentence on the armed robbery conviction.   Therefore, they cannot be held liable for any failure to give the sentence credit.

Furthermore, there is no basis for any suit against the individual defendant, Boston police detective Eugene Hurley. Hurley had probable cause to seek the armed robbery arrest warrant, and he is absolutely immune with respect to his testimony before the grand jury, Kyricopoulos v. Town of Orleans, 967 F.2d 14, 16 (1st Cir. 1992) (per curiam) (citation omitted).   Qualified immunity would protect him from any damages claim based on the alleged double jeopardy violation arising out of his pursuit of the armed robbery charges.

Affirmed.