NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 24, 2009[*]
Decided June 24, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3741

CLARENCE M. EASTERLING,
    *Plaintiff-Appellant,*

    *v.*

CHRIS MOELLER, et al.,
    *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.

No. 07 C 0209

Charles N. Clevert, Jr.,
*Judge.*

### O R D E R

Clarence Easterling appeals the dismissal of his civil rights suit alleging infringement of his Fourth Amendment rights. We vacate the dismissal and remand for further proceedings.

In April 2001, Easterling, then a student at the University of Wisconsin-Parkside, tried to rob an automated teller machine. During the attempted theft, Easterling and his

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

accomplice restrained a custodian at gunpoint and took his keys. Police officers investigating these crimes later questioned Dallas Diener, Easterling's roommate in campus housing. Diener told the police that Easterling had given him a bag for safekeeping; Diener added that the bag was now underneath his bed and that the police were welcome to retrieve it from his bedroom. When the police opened the bag, they found a black hooded mask, latex gloves, and black zip ties. Based in part on the bag's contents, the police obtained a search warrant for Easterling's bedroom.

Easterling pleaded guilty in Wisconsin state court to armed robbery, false imprisonment, battery, and criminal damage to property. He was sentenced to a total of 25 years' imprisonment. After unsuccessfully challenging his convictions through the state appeals process, Easterling sought a writ of habeas corpus. *See Easterling v. Thumer*, No. 07-CV-78 (E.D. Wis. filed Jan. 27, 2007). In that petition, which remains pending, Easterling claims that his trial counsel was ineffective because, according to Easterling, counsel never investigated or apprised him of the potential Fourth Amendment issue. Easterling avers in his petition that he would not have pleaded guilty had known that he might be able to exclude at trial the fruits of the search of the bag he gave to Diener.

Easterling claims in this suit under 42 U.S.C. § 1983 that the defendant police officers violated the Fourth Amendment by searching his bag. He concedes that he entrusted the bag to Diener but argues that Diener was not given permission to open it, and thus Diener could not authorize the police to open it. During a telephonic scheduling conference, the defendants countered that this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which holds that a claim for damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence. The district court agreed with the defendants and thus granted their oral motion to dismiss Easterling's complaint.

On appeal, Easterling argues—correctly—that the district court erred in dismissing his complaint as barred by *Heck*. In February 2007, twenty months before the defendants moved to dismiss Easterling's complaint, the Supreme Court had held in *Wallace v. Kato* that *Heck* does not preclude or delay the accrual of Fourth Amendment claims even if conviction has resulted. 549 U.S. 384, 394 (2007); *see Nelson v. Campbell*, 541 U.S. 637, 647 (2004) ("[W]e were careful in *Heck* to stress the importance of the term 'necessarily.' For instance, we acknowledged that an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial, because success on the merits would not '*necessarily* imply that the plaintiff's conviction was unlawful.'" (quoting *Heck*, 512 U.S. at 487 n.7)); *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Even if no conviction could have been obtained in the absence of the violation, the Supreme Court has held that, unlike fair trial claims,

Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit.), *cert. denied*, 77 U.S.L.W. 3632 (U.S. 2009); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato . . . holds that *Heck* does not affect litigation about police conduct in the investigation of a crime."). And long before *Wallace*, which affirmed one of our own decisions, *Wallace v. City of Chi.*, 440 F.3d 421 (7th Cir. 2006), this court had stated repeatedly that most Fourth Amendment claims can go forward despite the rule of *Heck*. *See id.* at 426 (overruling *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003), and holding, after circulation under Cir. R. 40(e), that Fourth Amendment claims accrue at the time of the injury without regard to an evaluation of the evidence and are not barred by *Heck*); *see also Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007) (recognizing "bright-line rule" allowing false-arrest claims to survive *Heck*); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) (holding that claims for excessive force are not barred by *Heck*); *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 862 (7th Cir. 2004) ("Thus, plaintiff's contention that his Fourth Amendment claim does not imply the invalidity of his conviction, a contention that defendants have not challenged, is sufficient to remove that claim from *Heck*'s bar."); *Copus v. City of Edgerton*, 151 F.3d 646, 648 (7th Cir. 1998) ("Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward."); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (holding that a claim based on unlawful search or seizure is not barred by *Heck*); *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) (holding that wrongful arrest claim avoids *Heck* bar because "one can have a successful wrongful arrest claim and still have a perfectly valid conviction"); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment."). None of these decisions are acknowledged in the defendants' brief, and though we do not have a transcript of the telephonic hearing that resulted in dismissal of Easterling's complaint, we presume that the defendants also failed to cite these cases to the district court.

Moreover, because Easterling was convicted following a guilty plea, "the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Haring v. Prosise*, 462 U.S. 306, 321 (1983); *Reynolds*, 488 F.3d at 773. Whether or not a plaintiff might be able to plead himself into a *Heck* bar by insisting on facts inconsistent with his guilt, *see McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006), in this case Easterling did not, and the district court erred in concluding that his allegation of an illegal search implicates the validity of his conviction.

The defendants do not argue that there exists an alternative basis on which we might affirm the dismissal.  Accordingly, the judgment is VACATED, and the case is REMANDED to the district court for further proceedings.