NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2011[*]
Decided April 12, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3080

| | |
|---|---|
| CLARENCE M. EASTERLING, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-CV-209 |
| | |
| CHRIS MOELLER and DAVE PEHL | J.P. Stadtmueller |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Clarence Easterling is serving a prison sentence in Wisconsin for armed robbery. In this action under 42 U.S.C. § 1983, he claims that two police officers violated his Fourth Amendment rights while gathering the evidence that led to his prosecution. The district court granted summary judgment for the officers, and we affirm that decision.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

In the Union Building at the University of Wisconsin-Parkside, two people wearing distinctive masks held a nighttime custodian at gunpoint, stole his keys, and bound him with a black plastic "zip strip" while they attempted to steal money from an ATM. The next day, Officer Chris Moeller received a tip from student David Scheuer, who said he suspected that Easterling, one of his roommates, was involved in the robbery. Moeller and Officer Dave Pehl then interviewed Dallas Diener, another roommate, who said that Easterling had given him a black bag shortly after the robbery. Easterling and Diener did not share a bedroom, but Easterling wanted Diener to stash the bag in his room. Diener had not looked inside and did not know what the bag contained; he explained to the officers that Easterling had ordered him not to open the bag and threatened physical harm if he disobeyed. Diener led the officers to his room and directed them to the bag, which was hidden under his bed. The officers opened it and found black plastic zip strips and a mask like those used during the robbery. Moeller then obtained a warrant to search the entire apartment; the officers seized several items, including the keys taken from the custodian and two pieces of scrap paper, each displaying a handwritten name and phone number.

After his arrest Easterling pleaded guilty in Wisconsin state court to armed robbery, false imprisonment, battery, and criminal damage to property. He was sentenced to a total of 25 years' imprisonment. He filed a direct appeal and also moved to withdraw his guilty pleas on the ground that his lawyer had been constitutionally ineffective. Easterling alleged that counsel had been deficient in a variety of ways, including by not filing a motion to suppress. According to Easterling, his lawyer should have asserted that Officers Moeller and Pehl violated the Fourth Amendment when they obtained his black bag from Diener and searched it. The sentencing court denied this motion, and the state appellate court upheld that decision and affirmed Easterling's convictions. *State v. Easterling*, Nos. 2004 AP 934-CR & 2005 AP 1224-CR (Wis. Ct. App. July 5, 2006). The state supreme court declined further review.

Easterling then sued Officers Moeller and Pehl under § 1983. He claimed that Diener, by relinquishing the black bag to the officers, did not also consent to them opening and searching it. Easterling also asserted that Moeller obtained the search warrant by falsely stating that the incriminating items in the black bag had been recovered during a consensual search, and that the officers exceeded the scope of the warrant by seizing the two pieces of scrap paper. The district court initially dismissed Easterling's complaint on the ground that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but we vacated the dismissal and remanded for further proceedings, *Easterling v. Moeller*, 334 F. App'x 22 (7th Cir. 2009). On remand the district court granted summary judgment for the officers. The court reasoned that the doctrine of issue preclusion barred Easterling from claiming that his bag had been searched illegally. The court also concluded that Easterling lacked evidence to

overcome the presumption that Officer Moeller's warrant affidavit was valid, and that undisputed evidence established that the scraps of paper were lawfully seized.

On appeal Easterling argues that he did not have a full and fair opportunity to litigate whether the search of his bag violated the Fourth Amendment and thus issue preclusion should not bar his § 1983 claim. Federal courts give a state judgment the same preclusive effect that it would receive in state court. *See Allen v. McCurry*, 449 U.S. 90 (1980); *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006). In Wisconsin, a party may not relitigate a question of fact or law decided in prior litigation if the resolution of that issue was necessary to the judgment and giving it preclusive effect would not be fundamentally unfair. *See City of Sheboygan v. Nytsch*, 722 N.W. 2d 626, 629-30 (Wis. Ct. App. 2006)*; Mrozek v. Intra Fin. Corp.*, 699 N.W. 2d 54, 61 (Wis. 2005). Here, Easterling actually litigated his challenge to the bag search in the context of claiming that his lawyer was ineffective for not moving to suppress the fruits of that search. In rejecting that claim, the state courts concluded that Easterling would not have prevailed on his proposed Fourth Amendment claim because he did not have a reasonable expectation of privacy in the bag once he handed it over to Diener. *Easterling*, Nos. 2004 AP 934-CR & 2005 AP 1224-CR, slip op. at 3. Easterling has not argued that it is fundamentally unfair to preclude him from relitigating this conclusion, and thus issue preclusion prevents him from reasserting his objection to the search of his bag in his § 1983 claim.

Easterling next argues that, as to the search of his apartment pursuant to the warrant, the district court should not have granted summary judgment for the officers because, he insists, he produced evidence that Officer Moeller falsely stated in his affidavit that Diener had consented to a search of Easterling's bag. An affidavit supporting a search warrant is presumptively valid. *Molina v. Cooper*, 325 F.3d 963, 968 (7th Cir. 2003). To rebut this presumption, Easterling must show that Moeller made a false statement in his affidavit intentionally, knowingly or with a reckless disregard for the truth, and that the false statement was necessary to the judicial determination of probable cause. *See id.; Beauchamp v. City of Noblesville*, 320 F.3d 733, 742 (7th Cir. 2003). Easterling's evidence at summary judgment was inadequate to make this showing. In trying to establish that Diener did not consent, Easterling submitted only a transcript of Diener's testimony at his preliminary hearing. But at that hearing the issue was the *source* of the bag, not whether Diener consented to the search, and on the question of consent there is no evidence from Diener to contradict Moeller's representation in the affidavit. Moreover, as the district court noted, it is immaterial whether Moeller misrepresented his authority to look in the bag if Easterling no longer had an expectation of privacy. No evidence warrants setting aside the presumption that Officer Moeller's warrant affidavit was valid.

Easterling finally argues that the district court erroneously concluded that the police officers were authorized to seize the two scraps of paper from his apartment while

executing the search warrant. The enumeration of items to be seized does not include "scraps of paper with phone numbers," and Easterling disagrees with the district court's conclusion that the searching officers still were permitted to seize the two papers under the plain-view doctrine. When executing a search warrant, an officer may seize an item not listed in the warrant if its character as contraband or evidence is readily apparent. *Russell v. Harms*, 397 F.3d 458, 465 (7th Cir. 2005). Evidence may be lawfully seized under the plain-view doctrine if the officer sees the evidence from a place where he has a legal right to be, the officer has a lawful right of access to the evidence, and the officer had probable cause to believe the item is linked to criminal activity. *See Arizona v. Hicks*, 480 U.S. 321, 326 (1987); *Russell*, 397 F.3d at 465. Easterling argues that the pieces of paper were not subject to the plain-view doctrine because a written name and phone number is not evidence of a crime. But the district court correctly concluded that the officers had probable cause to seize the papers; it was reasonable for the officers to believe that the handwritten phone numbers in Easterling's apartment three days after the robbery would help them to apprehend the other suspect. Because the papers were subject to the plain view doctrine, the officers' did not exceed the scope of the search warrant by seizing them.

For the foregoing reasons, the judgment of the district court is AFFIRMED.