Billy CANNON, Plaintiff–Appellant,

v.

Dean NEWPORT, et al., Defendants–
Appellees.

No. 14–1381.

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2014.*

Decided July 24, 2014.

Billy Cannon, Juneau, WI, pro se.

John Paquin, Wisconsin Department of
Justice, Madison, WI, for Defendant–Ap-
pellee.

Before FRANK H. EASTERBROOK,
Circuit Judge, DANIEL A. MANION,
Circuit Judge, DIANE S. SYKES, Circuit
Judge.

### ORDER

Billy Cannon, a Wisconsin prisoner, filed
a sprawling complaint under 42 U.S.C.
§ 1983 that alleges a conspiracy by Wis-
consin police officers, investigators, prose-
cutors, and judges (among others) to twice
prosecute him on bogus drug and gun

charges. Cannon had been acquitted of a
drug charge two years earlier but had
pleaded guilty in the same case to commit-
ting a gun offense. He then was charged
with two more drug offenses and another
gun crime—a prosecution that was ongo-
ing when he filed this suit seeking injunc-
tive relief from further prosecution and
requesting damages of $87.6 million. Giv-
en the pending state charges, the district
court concluded that abstention was re-
quired under *Younger v. Harris*, 401 U.S.
37, 54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971),
and dismissed the suit without prejudice.

After Cannon filed an appeal from the
dismissal, he was found guilty in state
court on the three later charges. He
asked the district court, in a motion under
Rule 60(b) of the Federal Rules of Civil
Procedure, to vacate his convictions based
on his assertion that the state judge was
biased. The court denied the motion, ex-
plaining that Cannon cannot use a § 1983
suit to challenge state convictions.

On appeal Cannon generally objects to
the application of *Younger* abstention, but
the district court properly abstained on the
basis of the state prosecution. *See* 401
U.S. at 54, 91 S.Ct. 746; *Sprint Communi-
cations, Inc. v. Jacobs*, —— U.S. ——, 134
S.Ct. 584, 588, 187 L.Ed.2d 505 (2013).
*Younger* continues to apply while state
criminal cases go through the appellate
process, *see Simpson v. Rowan*, 73 F.3d
134, 138 (7th Cir.1995), and Cannon is
appealing his convictions in both criminal
cases. Moreover, so long as those convic-
tions stand, Cannon may not challenge
them in a civil-rights suit, *see Preiser v.
Rodriguez*, 411 U.S. 475, 500, 93 S.Ct.

---

* The appellees were not served with process in
the district court and are not participating in
this appeal. After examining the appellate
brief and record, we have concluded that the
case is appropriate for summary disposition.
Thus, the appeal is submitted on the brief and
record. *See* Fed. R.App. P. 34(a)(2)(C).

1827, 36 L.Ed.2d 439 (1973); *Williams v. Wisconsin,* 336 F.3d 576, 579–80 (7th Cir. 2003), or pursue claims for damages that necessarily would impugn his convictions, *see Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Gilbert v. Cook,* 512 F.3d 899, 900 (7th Cir.2008).

**AFFIRMED.**