NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 6060**

Submitted July 24, 2014[*]
Decided July 24, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1381

| | |
|---|---|
| BILLY CANNON,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-C-0212 |
| DEAN NEWPORT, et al.,<br>    *Defendants-Appellees.* | Charles N. Clevert, Jr.,<br>*Judge.* |

**O R D E R**

Billy Cannon, a Wisconsin prisoner, filed a sprawling complaint under 42 U.S.C.
§ 1983 that alleges a conspiracy by Wisconsin police officers, investigators, prosecutors,
and judges (among others) to twice prosecute him on bogus drug and gun charges.

---

[*] The appellees were not served with process in the district court and are not
participating in this appeal. After examining the appellate brief and record, we have
concluded that the case is appropriate for summary disposition. Thus, the appeal is
submitted on the brief and record. *See* FED. R. APP. P. 34(a)(2)(C).

Cannon had been acquitted of a drug charge two years earlier but had pleaded guilty in the same case to committing a gun offense. He then was charged with two more drug offenses and another gun crime—a prosecution that was ongoing when he filed this suit seeking injunctive relief from further prosecution and requesting damages of $87.6 million. Given the pending state charges, the district court concluded that abstention was required under *Younger v. Harris*, 401 U.S. 37, 54 (1971), and dismissed the suit without prejudice.

After Cannon filed an appeal from the dismissal, he was found guilty in state court on the three later charges. He asked the district court, in a motion under Rule 60(b) of the Federal Rules of Civil Procedure, to vacate his convictions based on his assertion that the state judge was biased. The court denied the motion, explaining that Cannon cannot use a § 1983 suit to challenge state convictions.

On appeal Cannon generally objects to the application of *Younger* abstention, but the district court properly abstained on the basis of the state prosecution. *See* 401 U.S. at 54; *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). *Younger* continues to apply while state criminal cases go through the appellate process, *see Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995), and Cannon is appealing his convictions in both criminal cases. Moreover, so long as those convictions stand, Cannon may not challenge them in a civil-rights suit, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Williams v. Wisconsin*, 336 F.3d 576, 579–80 (7th Cir. 2003), or pursue claims for damages that necessarily would impugn his convictions, *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).

**AFFIRMED**.