61 F.3d 507
 Steven D. BRINDLEY and Kellie Sue Brindley, Plaintiffs-Appellants,
v.
Michael McCULLEN; Mark Garabelli; Richard Mainprize; City
of Saginaw; City of Saginaw Police Department;
Thomas McIntyre, et al., Defendants-Appellees.
 No. 94-1499.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 8, 1995.
Decided Aug. 8, 1995.
 
 Stuart W. Hyvonen (argued and briefed), Saginaw, MI, for Steven D. Brindley, Kellie Sue Brindley.
 Stephen L. Borrello (briefed), Thomas & Jensen, Saginaw, MI, for Mark Garabelli, Thomas McIntyre.
 Donald S. McGehee (argued and briefed), Office of Atty. Gen. of Michigan, Lansing, MI, for Richard Mainprize, Michigan Dept. of State Police.
 Daniel P. Dalton (argued), Johnson, Rosati, Galica & Shifman, Farmington Hills, MI, Andre R. Borrello (argued), City of Saginaw Attorney's Office, Saginaw, MI, Kenneth G. Galica, Marcelyn A. Stepanski (briefed), Johnson, Rosati, Galica, Shifman, LaBarge, Aseltyne, Sugameli & Field, Bay City, MI, for Michael McCullen, Saginaw Police Dept., City of Saginaw.
 Before: WELLFORD, NELSON, and RYAN, Circuit Judges.
 WELLFORD, J., delivered the opinion of the court, in which NELSON, J., joined. RYAN, J. (pp. 509-10), delivered a separate dissenting opinion.
 WELLFORD, Circuit Judge.
 
 
 1
 Steven D. Brindley and his wife Kellie Sue ("the Brindleys") brought a section 1983 claim alleging that the Saginaw City Policy Department and its individual officers violated their Fourth Amendment rights when the police department executed a search warrant at their home. Although their complaint mentioned money damages, the main thrust of their suit was equitable relief, including the return of the seized property. Because this evidence was being gathered as part of a state criminal investigation into the Brindleys' business affairs, the district court abstained from the action requested pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and dismissed the case without prejudice. Because we hold that the district court should have stayed the proceedings when abstaining on Younger grounds, we REMAND the case to the district court for disposition consistent with this opinion.
 
 I. OVERVIEW
 
 2
 The Brindleys, who own and operate several pawn shops, became the subject of a one-man grand jury investigation after police conducted a search of their businesses in December 1993. Circuit Court Judge Leopald P. Borrello of Saginaw County appointed a one-man grand jury to investigate possible criminal activities with which plaintiffs or their businesses may have been involved. The Brindleys were ultimately charged in a multiple-count indictment for conspiracy, usury, and health care fraud. Their state criminal case is still pending.
 
 
 3
 The search the Brindleys complain of occurred on February 4, 1994, as several police units conducted a joint search of the plaintiffs' home pursuant to a valid search warrant. Plaintiffs complain that the officers "indiscriminately grabb[ed] property beyond the scope and authority of a grand jury search warrant" and otherwise "trashed" their home.
 
 
 4
 Less than three weeks after the search of their home, plaintiffs filed a 42 U.S.C. Sec. 1983 claim in federal court seeking a declaratory judgment and the return of all of the property seized from their home. They also sought a preliminary injunction and a temporary restraining order. Although they mention money damages in the complaint, the thrust of the suit is clearly equitable for return of the property seized.
 
 
 5
 At the hearing on the claim for injunctive and equitable relief, the district judge, in open court, abstained from granting any relief pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) because there was an ongoing grand jury investigation.[1] Rather than staying the case, however, the district court dismissed the case without prejudice. The district court did have jurisdiction of this section 1983 action.
 
 
 6
 The Brindleys appealed, alleging that the district court erred in refusing to exercise its jurisdiction and to proceed with their complaint. Plaintiffs' brief to this court focused on whether abstention was appropriate on the equitable issues involved. No attention was paid to whether abstention was appropriate as to the money damages issue.
 
 
 7
 At oral arguments before this court, the Brindleys' counsel withdrew the only issue that had been briefed and stated that the district court appropriately abstained from deciding the equitable issues. Instead, plaintiffs' counsel requested that we consider whether abstention was appropriate as to the money damages issue. Additionally, he complained at oral arguments that even if abstention was appropriate, the district court should have stayed the proceedings rather than dismiss the case without prejudice.
 
 II. JURISDICTION AND STANDARD OF REVIEW
 
 8
 We have jurisdiction to review the timely appeal of a final order of the district court pursuant to 28 U.S.C. Sec. 1291. We review a district court's decision to abstain under Younger de novo. Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir.1995).
 
 III. DISCUSSION
 
 9
 The Brindleys request this court review whether the district court appropriately abstained from exercising its jurisdiction over their claim for money damages. The Brindleys, however, failed to raise this issue before the district court. The Brindleys never mentioned the money damages issue before the district court at oral arguments. Nor did they file a motion to sever the money damages claims from their request seeking equitable relief.
 
 
 10
 We dismiss the Brindleys' appeal regarding the district court's failure to sever sua sponte the money damages issue from the request for equitable relief because they failed to brief the issue adequately before this court. This issue is not mentioned in either their main brief or their reply brief. Nor do they cite this court to Feaster v. Miksch, 846 F.2d 21, 22 (6th Cir.), cert. denied, 488 U.S. 857, 109 S.Ct. 148, 102 L.Ed.2d 120 (1988), which is the leading case on this issue in this circuit.[2] We consider issues not fully developed and argued to be waived. See generally, Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986) (considering issue raised for the first time in reply brief to be waived).
 
 
 11
 We might hold on the same basis that the Brindleys' objection that the district court should have stayed the proceeding was also waived because of their failure to brief the issue. Instead, we feel it advisable to remind the district court that the appropriate procedure, when abstaining under Younger, is to stay the proceedings rather than to dismiss the case without prejudice. Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires.
 
 
 12
 We express our disapproval of the actions of plaintiffs' counsel in not advising the court prior to the hearing date of his decision not to pursue the principal issues briefed. Accordingly, we assess costs of this appeal against the plaintiffs and their counsel.
 
 
 13
 Therefore, we AFFIRM the district court's decision to abstain in this case. We REMAND this case, however, to the district court to STAY THE PROCEEDINGS.
 
 
 14
 RYAN, Circuit Judge, dissenting.
 
 
 15
 My understanding of the district court's analysis and its disposition of this case below is somewhat different than the majority's understanding, and therefore I respectfully decline to join the majority opinion.
 
 
 16
 The district court's ruling and its reasoning in support must be garnered from the court's colloquy with counsel during the argument on the plaintiffs' Motion for a Temporary Injunction and from the statement the court made at the conclusion of the hearing.
 
 
 17
 Early in the hearing, the district court asked:
 
 
 18
 What authority do you have that suggests that I have any jurisdiction to do anything with respect to a State Court proceeding that--that's ongoing?
 
 
 19
 And,
 
 
 20
 ... [W]hat jurisdiction do I have?
 
 And, stated:
 
 21
 ... [Y]ou have to show as a preliminary matter the exhaustion of State remedies. And even then, our power is somewhat circumscribed. You know, there's also the Anti-Injunction Act which precludes me from taking any action with respect to State Court proceedings.
 
 
 22
 Finally, at the close of the hearing, the court stated:
 
 
 23
 I agree with the defendants in this case, Younger versus Harris, and the Injunction Act [sic] clearly preclude me from exercising jurisdiction of this matter.
 
 
 24
 And,
 
 
 25
 ... [M]otion for preliminary injunction denied. And, in addition, I don't have jurisdiction in this case, and I'm going to order that the case be dismissed.
 
 
 26
 (Emphases added.)
 
 
 27
 It appears that the district court thought it was without jurisdiction to issue the requested preliminary injunction or even to entertain plaintiffs' 42 U.S.C. Sec. 1983 lawsuit because:
 
 
 28
 1) Jurisdiction was precluded by the Anti-Injunction Act, 28 U.S.C. Sec. 2283.
 
 
 29
 2) The plaintiffs have failed to exhaust state remedies.
 
 
 30
 3) The abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), deprived the court of jurisdiction.
 
 
 31
 In my judgment, the court was mistaken as to all three reasons: 1) the Anti-Injunction Act does not apply to Sec. 1983 claims, Mitchum v. Foster, 407 U.S. 225, 242-43, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972); 2) there is no requirement of exhaustion of remedies before pursuing a Sec. 1983 claim, Patsy v. Board of Regents, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982); and 3) the equitable abstention doctrine does not deprive the federal court of jurisdiction; rather, it is a judicially imposed self-restraint based on principles of equity, comity, and federalism. Younger v. Harris, 401 U.S. at 43-44, 91 S.Ct. at 750.
 
 
 32
 As I understand this record, the district court did not abstain in this case; it conducted none of the analysis and made none of the findings of fact required for application of Younger abstention.
 
 
 33
 Instead, the court dismissed the case in its entirety, believing the court was without jurisdiction in the matter. Consequently, I would vacate the district court's order dismissing the lawsuit and remand for further proceedings which should include the proper Younger analysis, as this court has carefully explained in Zalman v. Armstrong, 802 F.2d 199 (6th Cir.1986), and Feaster v. Miksch, 846 F.2d 21 (6th Cir.), cert. denied, 488 U.S. 857, 109 S.Ct. 148, 102 L.Ed.2d 120 (1988).
 
 
 
 [1]
 The Brindleys failed to provide a copy of the district court's holding in the Joint Appendix. Sixth Circuit Rule 11 requires the appellants to prepare the Joint Appendix for the appellate court, and instructs them under risk of dismissal of their case to include all relevant documents for the court's review. See also Sixth Circuit Rule 13 ("Failure timely to order transcript or to inform the court that transcript is unnecessary may result in dismissal of the case."). Although we do not condone plaintiffs' failure to include the portions of the trial transcript that explains the district court's holding, we reach the merits of this case to clarify the appropriate procedures when abstaining under Younger. We caution future litigants, however, to follow the requirements of Sixth Circuit Rule 11
 
 
 [2]
 Feaster provided guidance as to when federal courts should abstain under Younger when the parties seek only money damages. The Feaster court held the federal courts do not automatically have to stay their proceedings, but stated that "when disposition of a federal action for damages necessarily requires the resolution of issues that will determine the outcome of pending states criminal proceedings, Younger requires that the federal action not proceed." Feaster, 846 F.2d at 24