**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a1007n.06
Filed: December 22, 2005

**No. 04-4059**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KLODIAN ELEZAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW OF AN |
| v. | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| | ) | |
| ALBERTO R. GONZALES, ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | | |
| Respondent. | | |

Before: SILER and GRIFFIN, Circuit Judges; TARNOW, District Judge.[*]

**SILER**, Circuit Judge. Petitioner Klodian Elezaj, an Albanian citizen, entered the United States in 2000. Approximately one year later he sought asylum under 8 U.S.C. § 1158 *et seq*., withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding under the Convention Against Torture (the "CAT") as codified in 8 C.F.R. § 1208.16(c), on the basis that he was persecuted in Albania for his political affiliation with the Democratic Party. The immigration judge ("IJ") denied his application for asylum for untimeliness, and denied the remainder of the claims on the merits for lack of evidence. The Board of Immigration Appeals ("BIA") affirmed. Elezaj

_____

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 04-4059
Elezaj v. Gonzales

appeals the IJ's decision, and contends that the BIA violated his due process rights in granting a summary affirmance without opinion. For the reasons set forth below, the petition is DENIED**.**

## DISCUSSION

Because the BIA affirmed the IJ's decision without opinion, the IJ's decision is reviewed as the final administrative order. *See Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004). We review factual determinations for substantial evidence, and legal conclusions *de novo*. *See Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004). Therefore, reversal is only warranted if this court "finds that the evidence not only supports a contrary conclusion, but *compels* it." *Id.*

Petitioner raises four issues in his brief. We address them in turn.

**1. The BIA's Summary Affirmance Without Opinion Violated Elezaj's Due Process Rights.**

Elezaj argues that the BIA's streamlining procedures violate due process. However, we held in *Denko v. INS*, 351 F.3d 717, 730 (6th Cir.2003), as well as in several cases since, that the streamlining procedures are constitutional and raise no due process red flags. *See, e.g., Hassan v. Gonzales,* 403 F.3d 429 (6th Cir. 2005). Elezaj neither raises new issues that call into question these holdings, nor distinguishes them. Therefore, the constitutional challenge fails.

**2. The Asylum Application was Not Timely Filed nor Properly Preserved.**

The IJ determined that Elezaj failed to file his claim within one year of his entry into the United States, as required by 8 U.S.C. § 1158(a)(2)(B). We agree with the government that we lack jurisdiction to review this finding. *See* 8 U.S.C. § 1158(a)(3) (appellate jurisdiction does not apply to the facts underlying a determination of timeliness). Moreover, Elezaj failed to exhaust his administrative remedies, which also precludes our jurisdiction. *See* 8 U.S.C. § 1252(d)(1).

- 2 -

### 3. The IJ's Adverse Credibility Finding was Supported by Substantial Evidence

The IJ primarily denied all of Elezaj's claims, including the asylum claim, on the basis that he did not find Elezaj credible; and absent corroborative evidence, he denied Elezaj's claim. While it is often the case that there is little to no corroborative testimony, "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." *Ouda v. INS*, 324 F.3d 445, 451-52 (6th Cir. 2003) (*citing* 8 C.F.R. § 208.13(a)). To warrant an adverse credibility finding, discrepancies or omissions have "to be viewed as attempts by the applicant to enhance his claims of persecution . . . ." *Daneshvar v. Ashcroft*, 355 F.3d 615, 623 (6th Cir. 2004) (internal citations omitted). In other words, they must go to the heart of the applicant's case. *Id.*

Here, the IJ found discrepancies in Elezaj's claim of when he entered the United States, as it changed three times. The IJ also found Elezaj's claims of being kidnaped and beaten twice incredible. In March 2000, he claims that police kidnaped and beat him during a protest rally against vote manipulation by the ruling socialists. The IJ noted that this rally was strangely timed as it occurred six months after the alleged vote tampering, with no explanation. Elezaj claimed to have been detained for 24 hours before going to the hospital for his injuries, yet when asked how he arrived there, he said that the police officers who kidnaped and beat him also escorted him to the hospital. Moreover, the release date on the medical records contradicted the asserted timing. Then, for the second kidnaping, there was much confusion as to when this event occurred: August 1999 or August 2000. This single incident, for a period during the hearing, then morphed into two separate incidents - implying three total; yet Elezaj insisted that there were only two incidents. Further, Elezaj could not decide whether there were three or five "agents" and whether they beat him

up and then took him away in a police car, or took him away in a blue van and then beat him. The documentary evidence he submitted was also deemed incredible. For example, in additional to the questionable validity of the medical records, the newspaper article was dated thirteen months after the reported incident, and articles are known to be for sale in Albania. The Sterki affidavit neither corroborated Elezaj's story, nor appeared to be written by someone who knew the facts.

Additionally, there were numerous inconsistencies between Elezaj's testimony and his written application, and several omissions in the latter. "Like inconsistencies, omissions may form the basis of an adverse credibility determination, provided that they are substantially related to the asylum claim." *Vasha v. Gonzales,* 410 F.3d 863, 871 (6th Cir. 2005). Thus, we cannot conclude that the evidence *compels* a finding that Elezaj was credible.

**4. The IJ's Finding as to Elezaj's Potential for Future Persecution or Torture was Supported by Substantial Evidence**

Despite ruling that the asylum petition was untimely, the IJ analyzed the evidence under the asylum rubric and found that Elezaj did not satisfy the requirements under 8 U.S.C. § 1101(a)(42)(A). He reasoned that one who does not satisfy the asylum requirements for establishing "persecution or a well founded fear" of future persecution cannot meet the higher thresholds of withholding of removal and withholding under the CAT. *See INS v. Cardoza-Foncesca*, 480 U.S. 421, 431-32 (1987). We agree. A withholding of removal claimant must prove that a *"clear probability* exists that his life or freedom would be threatened" on account of his "race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (emphasis added); *Castellano Chacon v. INS*, 341 F.3d 533, 545 (6th Cir. 2003). For withholding

of removal under CAT, the claimant must demonstrate that he "more likely than not" would be tortured if returned to his country of origin. *See* 8 C.F.R. § 1208.16(c). Unlike for asylum, a claimant may not rely on evidence of past persecution to satisfy the requirements for withholding of removal or withholding under the CAT. *See Castellano Chacon,* 341 F.3d at 545.

Here, the IJ determined that Elezaj had not established past persecution, and even if he had, he did not have a well founded fear of future persecution because he would be returning to "a different Albania than the one he left." Thus, *a fortiori*, Elezaj also failed to meet the requirements for withholding of removal and withholding under the CAT. Elezaj raises several objections to the reliance on State Department reports submitted by the government and on which the IJ relied in reaching his conclusion. However, Elezaj points to no fact or document submitted that should have been accorded greater weight. In fact, his own documents supported the IJ's conclusion. In any event, as Elezaj's objections were stated in a perfunctory manner, they are deemed waived. *See Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("We consider issues not fully developed and argued to be waived."). Thus, there is ample evidence to support the IJ's determination.

PETITION DENIED.