NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0259n.06
Filed: May 15, 2008

NO. 07-3943

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DONALD MICHEL,

                **Plaintiff-Appellant,**

v.

CITY OF AKRON, SUMMIT COUNTY,
SUMMIT COUNTY SHERIFF'S
DEPARTMENT, WAYNE COUNTY
SHERIFF'S DEPARTMENT, JAMES
PFISTER, JENNIFERLIMBERT,
WILLIAM PELFREY

                **Defendants-Appellees.**

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

BEFORE:    GUY, SUHRHEINRICH, and COLE, Circuit Judges.

      **SUHRHEINRICH, Circuit Judge.** On November 17, 2006, Plaintiff-Appellant, Donald Michel ("Michel"), filed a 42 U.S.C. § 1983 action in federal court against the Defendants-Appellees. Michel claimed, *inter alia*, that the Defendants violated his Fourth Amendment rights during their search and seizures of his property in November of 2004, as part of their investigation of Michel for operating an illegal gambling business.

      In March of 2007, Michel was indicted in state court for the violation of various provisions of Ohio law, including engaging in a pattern of corrupt activity, money laundering, tampering with evidence, forgery, unlawful gambling, and conducting unlawful raffle drawings.

      In the instant matter, the Defendants filed motions requesting abstention under *Younger v. Harris*, 401 U.S. 37 (1971), due to the pendant state criminal proceedings. The district court issued

an order abstaining under *Younger* and dismissing Michel's claims without prejudice.

On appeal, Michel argues that the district court erred in abstaining under the *Younger* abstention doctrine, and that should we decide abstention was warranted, the district court erred in dismissing his claims without prejudice rather than staying the proceedings. For the reasons that follow, we affirm the district court's decision to abstain, but remand the case to the district court to stay Michel's claims until the conclusion of the state criminal proceedings.

## I. BACKGROUND

On November 17, 2006, Michel filed a § 1983 claim in federal court against the Defendants, alleging violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, as well as raising various state law claims. Michel's complaint alleged that in November of 2004, the Defendants participated in obtaining search warrants for the purpose of securing evidence associated with an unlawful gambling operation run by Michel. The warrants authorized the search and seizure of "all games, game components, money, money drafts and orders, financial instruments, records, computers, and any other evidence." Pursuant to the warrants, authorities seized certain "skill-based machines," records, books, and cash from Michel's place of business. Basically, Michel claimed his rights were violated because the "amusement machines" taken from his businesses were compliant with Ohio law, as the machines were "skill-based" (which are legal) rather than "games of chance."

On March 5, 2007, Michel was indicted in the Court of Common Pleas in Summit County, Ohio for: (1) engaging in a pattern of corrupt activity, in violation of Ohio Rev. Code § 2923.32; (2) money laundering, in violation of Ohio Rev. Code § 1315.55(A)(1)-(3); (3) tampering with evidence, in violation of Ohio Rev. Code § 2921.12(A)(1); (4) forgery, in violation of Ohio Rev. Code § 2913.31(A)(3); (5) unlawful gambling, in violation of Ohio Rev. Code § 2915.02(A)(5); and for (6)

conducting unlawful raffle drawings, in violation of Ohio Rev. Code § 2915.092(B).

The Defendants filed motions to dismiss on *Younger* abstention grounds, and on May 7, 2007, the district court, finding abstention under *Younger* was warranted, dismissed the case without prejudice.

## II. DISTRICT COURT'S APPLICATION OF *YOUNGER*

Michel appeals the district court's decision to refrain from exercising jurisdiction under the *Younger* abstention doctrine. Under this doctrine, we generally refrain from interfering with ongoing state criminal proceedings, except under very limited circumstances. *See Younger*, 401 U.S. at 43; *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) ("When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.").

After having reviewed the issues, the record, and oral argument of the parties, we find the district court correctly decided to abstain under *Younger* for the reasons articulated in its opinion of May 7, 2007. Accordingly, we adopt the district court's reasoning to the extent that it determined abstention under *Younger* was proper.

## III. DISTRICT COURT'S DISMISSAL OF CLAIMS WITHOUT PREJUDICE

Michel argues the district court should have held his claims in abeyance rather than dismissing them without prejudice. We review a district court's decision to dismiss a case without prejudice after a decision to abstain under *Younger* for an abuse of discretion. *Coles*, 448 F.3d at 865.

"[T]he appropriate procedure, when abstaining under *Younger*, is to stay the proceedings

rather than to dismiss the case without prejudice." *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995). "Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires." *Id*.

In this case, the statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999) ("Typically the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury. . . ."). Dismissing Michel's claims puts his claims at jeopardy of being time-barred upon resolution of the state criminal proceedings. Therefore, the district court abused its discretion in failing to issue a stay. *See Adrian Energy Assocs. v. Mich. Pub. Serv. Com'n*, 481 F.3d 414, 425 (6th Cir. 2007) ("[I]n the interests of caution, we are constrained to remand the case to the district court with instructions to stay rather than dismiss plaintiffs' complaint until the state proceedings conclude.")

## IV. CONCLUSION

For the reasons stated above, we affirm the district court's application of the *Younger* doctrine, but remand the case to the district court to stay Michel's claims until the conclusion of the state criminal proceedings.