*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 08b0017n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: CLAYTON B. SMITH, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | No. 08-8021 |
| | ) | |
| CRAIG T. CONLEY, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CLAYTON B. SMITH, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division.
Case No. 06-60396; Adv. No. 07-6022.

Submitted: November 19, 2008

Decided and Filed: December 30, 2008

Before: McIVOR, PARSONS, and STOSBERG, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Craig T. Conley, Canton, Ohio, for Appellee. Clayton B. Smith, Morgantown, West Virginia, pro se.

---

**OPINION**

---

MARCIA PHILLIPS PARSONS, Chief Bankruptcy Appellate Panel Judge. The *pro se* debtor Clayton B. Smith ("Debtor") appeals an order of the bankruptcy court granting summary judgment to creditor Craig T. Conley ("Conley") in a nondischargeability action under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court determined that a prior state court judgment for compensatory and punitive damages based on the Debtor's fraudulent transfer of assets collaterally estopped the Debtor from relitigating whether the judgment debt owed to Conley resulted from fraud. For the following reasons, we affirm the order of the bankruptcy court.

## I. ISSUE ON APPEAL

The issue presented to us by this appeal is whether the bankruptcy court erred when it granted Conley's motion for summary judgment on his nondischargeability claim.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order granting summary judgment is a final order. *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

We review the bankruptcy court's final order granting Conley's motion for summary judgment *de novo*. *Gold v. FedEx Freight East, Inc. (In re Rodriguez)*, 487 F.3d 1001, 1007 (6th Cir. 2007); *Lyon v. Contech Contr. Prods., Inc. (In re Computrex, Inc.)*, 403 F.3d 807 (6th Cir. 2005). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *In re Morgeson*, 371 B.R. at 800.

## III. FACTS AND PROCEDURAL HISTORY

In 2002, the Debtor hired Conley, a licensed attorney, to defend him in a state court criminal proceeding for passing bad checks. During the course of that criminal action, Conley's representation of the Debtor ended, and the Debtor was ultimately convicted. The Debtor then filed a state court legal malpractice action against Conley in 2003. In turn, Conley commenced a separate action against the Debtor in state court to collect unpaid attorney fees for services rendered in the criminal action, and on March 11, 2004, obtained a judgment against the Debtor in the amount of $2,890.

In an effort to collect on his judgment, Conley filed a fraudulent transfer action in state court against the Debtor. After a trial in that action on June 28, 2005, the state court found that: (1) the Debtor had only two personal assets, a Jeep and a Coney Cart; (2) the Debtor transferred title and ownership of the Jeep to his mother for no consideration while continuing to possess and use it; (3) when served with an Order/Writ of Execution for his Coney Cart, the Debtor refused to turn it over and falsely told the sheriff's deputy that he did not have the property in his possession; and (4) the Debtor's testimony that he did not fraudulently transfer the Jeep and did not fraudulently conceal the Coney Cart was not credible. The state court concluded that the Debtor "intended to and did defraud Conley by transferring the Jeep . . . (R.C. 1336.04)" and "by concealing the Coney Cart . . . (R.C. 1336.04)." The court awarded Conley compensatory damages against the Debtor in the amount of the unpaid judgment, $2,067.40, and punitive damages in the amount of $1,500 for the Debtor's "egregious fraud" (the "Fraudulent Transfer Judgment"). The Debtor unsuccessfully appealed the Fraudulent Transfer Judgment, and it became final after the Ohio Supreme Court ultimately dismissed the appeal by order entered April 18, 2007.

On March 28, 2006, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Conley was listed on Schedule F as a creditor. After the Debtor converted his case to one under chapter 7 of the Bankruptcy Code on October 16, 2006, the clerk of the court issued a notice setting a February 9, 2007 deadline for filing complaints to determine dischargeability of debts. The Debtor subsequently received a discharge on February 22, 2007.

While his bankruptcy case was pending, the debtor removed his state court legal malpractice action to bankruptcy court, but the bankruptcy court subsequently remanded the action by order

entered January 31, 2007. The Debtor did not appeal that order. Although the Debtor voluntarily dismissed the state court malpractice action on October 15, 2007, the state court determined that the Debtor's pursuit of the legal malpractice case was frivolous and awarded Conley a judgment against the Debtor on December 14, 2007, for $90,458.48 in attorney's fees.

In the meantime, Conley initiated on February 9, 2007, the instant adversary proceeding, seeking a determination that the Fraudulent Transfer Judgment was nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code. The Debtor answered the complaint and asserted a counterclaim against Conley and another individual for legal malpractice, apparently the same claim he was making in his pending state court action. Conley then moved for summary judgment as to his nondischargeability claim, asserting that the Fraudulent Transfer Judgment was res judicata on the § 523(a)(2)(A) dischargeability claim. Conley also sought dismissal of the Debtor's counterclaim on the grounds that the statute of limitations had run.

In response, the Debtor asserted that Conley's adversary complaint was not timely filed, and that the Fraudulent Transfer Judgment was invalid and did not "meet the standard of [the] Bankruptcy Court, in so determining a fraudulent transfer of an asset." (Docket 38 at 1.)[1] Additionally, the Debtor argued that his counterclaim asserted a cause of action for breach of contract, rather than legal malpractice and, consequently, was not subject to the same statute of limitations raised by Conley.

On January 22, 2008, the Debtor filed a motion in his underlying chapter 7 case titled "Motion under § 362 " in which he asserted that because he was granted a discharge on February 22, 2007, the state court's December 14, 2007 judgment for $90,458.48 in attorney fees violated the discharge injunction set forth in 11 U.S.C. § 524(a). On June 2, 2008, the bankruptcy court entered an order denying the Debtor's motion, having concluded that the Debtor waived this argument because he did not previously assert that the continuation of that proceeding was a violation of the automatic stay. The Debtor did not appeal this order.

---

[1] Citations to the docket are to those entries made in the bankruptcy court adversary proceeding involving these parties or in the Debtor's bankruptcy case. The Debtor's designation of record filed on June 17, 2008, included all records in both the adversary proceeding and the bankruptcy case.

On March 3, 2008, the bankruptcy court issued a memorandum of opinion and order, granting Conley's motion for summary judgment and dismissing the Debtor's counterclaim. The court concluded that all of the necessary conditions for the application of collateral estoppel had been met and that, therefore, the Fraudulent Transfer Judgment was nondischargeable under the actual fraud provision of § 523(a)(2)(A). The bankruptcy court also concluded that the Debtor's counterclaim was a non-core proceeding over which it did not have jurisdiction.

Subsequently, on March 10, 2008, Conley filed a motion in the adversary proceeding seeking a finding that the Debtor is a vexatious litigator. Conley based this request upon the numerous court filings by the Debtor in the nearly six years of litigation in both the state court and the bankruptcy court. The motion also sought an order requiring the Debtor to obtain approval from the bankruptcy court before filing anything further in the bankruptcy court. On June 2, 2008, the bankruptcy court granted Conley's motion and imposed a "prefiling bar" on the Debtor. The Debtor did not appeal that order.

On March 12, 2008, the Debtor filed a timely notice of appeal from the March 3, 2008 order. That order, in addition to granting Conley's motion for summary judgment and dismissing the Debtor's counterclaim, also denied the Debtor's motions for summary judgment, for a protective order, for relief from a state court judgment, and to compel discovery. The Debtor did not list any of these additional matters in his statement of issues or address them in his brief. Similarly, the Debtor failed to list or address the dismissal of his counterclaim. Accordingly, we consider all of these matters, other than consideration of Conley's summary judgment motion, to be waived. *See Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("We consider issues not fully developed and argued to be waived.").

On the other hand, while the Debtor does argue in his brief that the bankruptcy court erred by remanding the legal malpractice action to state court, by denying his motion for violation of the discharge injunction, and by determining that he is a vexatious litigator, the Debtor did not appeal these orders. Accordingly, we are without jurisdiction to address them. *See Suhar v. Burns (In re Burns)*, 322 F.3d 421, 429-430 (6th Cir. 2003) (affirming BAP finding of no jurisdiction to consider appeal from additional order not timely included in notice of appeal); *In re Boyd*, No. 08-8010, 2008 WL 4372948, *2 (B.A.P. 6th Cir. Sept. 23, 2008) (no jurisdiction to consider appeal from additional

orders listed in notice of appeal that were not timely appealed). As a result, the only issues remaining for the Panel's consideration are whether Conley timely filed his nondischargeability complaint and, if timely, whether the bankruptcy court correctly held that collateral estoppel precluded relitigation of the Debtor's fraud.

## IV. DISCUSSION

### A. Timeliness of Complaint

Although the Debtor argues in this appeal that summary judgment should not have been granted in Conley's favor because the adversary complaint was not timely filed, he does not indicate how the filing was untimely. Under Federal Rule of Bankruptcy Procedure 4007(c), a complaint to determine the dischargeability of this type of debt must be filed no later than 60 days after the first date set for the meeting of creditors. In this case, the clerk of court set the first date for the meeting of creditors on December 11, 2006, and the last day to file complaints objecting to the dischargeability of debts on February 9, 2007. Conley timely filed his complaint on February 9, 2007.

It is irrelevant that the Debtor's bankruptcy case was originally filed as a chapter 13 and that a meeting of creditors was held under that chapter. Under Federal Rule of Bankruptcy Procedure 1019(2), a new time period for filing complaints to determine dischargeability under Rule 4007(c) commenced after the conversion of the case from chapter 13 to chapter 7. *See Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1145 (9th Cir. 1999) (when case is converted to chapter 7 proceeding, new time limitation comes into being).

The bankruptcy court assumed, based on the Debtor's argument in his motion to dismiss the complaint, that the Debtor contested the complaint's timeliness because he apparently received his discharge order before service of process in the nondischargeability complaint. The court noted that, if that were the basis, the Debtor failed to read the reverse side of the discharge order that expressly indicates that the discharge is subject to any debts the bankruptcy court specifically determines are nondischargeable. It is well settled that "[t]he timely filing of a complaint under § 523(a)(2), (4), (6) or (15) does not prevent the entry of a discharge. The court can grant the discharge and subsequently declare that a particular debt was not discharged under one of those provisions." *Smith v. Bandy (In re Bandy)*, 237 B.R. 661, 663 (Bankr. E.D. Tenn. 1999).

B. Collateral Estoppel

The doctrine of collateral estoppel applies in dischargeability actions under § 523(a). *See Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 318 (6th Cir. 1997); *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir. 1995) (citing *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658 (1991)). The fact that bankruptcy courts have "exclusive jurisdiction over dischargeability issues does not alter this rule." *Id*. While the bankruptcy court must make its own determination regarding the dischargeability of the debt, that determination may be governed by factual issues that were actually and necessarily decided by the state court. *Vogel v. Kalita (In re Kalita)*, 202 B.R. 889, 894 (Bankr. W.D. Mich. 1996) (citing *Grogan*, 498 U.S. at 284 n.11)). State law dictates whether a state court judgment should be afforded collateral estoppel effect. *In re Calvert*, 105 F.3d at 317. In Ohio, collateral estoppel applies where:

> 1) [There is a] final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue [was] actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit [is] identical to the issue in the prior suit; [and] 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

*Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002) (quoting *Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916, 921 (B.A.P. 6th Cir. 2000)).

The record in this case establishes that the Fraudulent Transfer Judgment is a final judgment on the merits rendered after a full and fair opportunity to litigate the issues, including a trial at which the Debtor fully participated. Additionally, the parties to the adversary proceeding are the same as those in the state court litigation. Therefore, the first and fourth elements of collateral estoppel under Ohio law have been met.

As to the second and third elements regarding actual and necessary litigation of identical issues, it must be noted that pursuant to Ohio Revised Code § 1336.04(A)(1) and (A)(2), a fraudulent conveyance can be established through proof of either actual fraud, (A)(1), or constructive fraud, (A)(2). Upon its review of the state court record, the bankruptcy court held that the issue litigated and determined in the state court was actual fraud rather than constructive fraud, thereby establishing the second and third elements of collateral estoppel.

> Although the state court does not specifically identify 1336.04(A)(1) in the judgment, the Court finds the judgment is for actual fraud. Simply, the state court made specific findings regarding [the Debtor's] intent: "Smith intended to and did

defraud Conley . . . ." (Pl.'s Am. Mot. Summ. J., Ex. B, Conclusions of Law, para. 1-2.) These findings of intent speak to actual fraud, not constructive. Consequently, the Court finds that the issue of fraudulent intent was litigated in the prior suit and was necessary for a finding of actual fraud. In concluding that the state court litigated actual fraud, and actual fraud is the same issue involved in this proceeding, the Court finds that both conditions two and three are satisfied.

(Docket 52 at 5.)

We find no error in the bankruptcy court's ruling. Section 523(a)(2)(A) provides, in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

. . . .

(2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by–

(A) false pretenses, a false representation, or actual fraud . . .[.]

Under this section, fraud is not limited to a fraudulent misrepresentation and can encompass "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *Cash Am. Fin. Servs., Inc. v. Fox (In re Fox)*, 370 B.R. 104, 116 (B.A.P. 6th Cir. 2007) (quoting *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001)). "When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code." *In re Vitanovich*, 259 B.R. at 877. Because the state court litigated the issue of the Debtor's actual fraud in attempting to deprive Conley of his legal right to execute his judgment against the Debtor's assets, and the issue was necessary to Conley's state court fraudulent transfer action, the bankruptcy court correctly applied collateral estoppel in this instance.

Finally, the Debtor argues that in order to prevail under § 523(a)(2)(A), Conley must prove that he obtained Conley's legal services by fraud. According to the Debtor,"[b]ecause . . . he never defrauded Conley into giving his services by any type of fraud[,] that debt is clearly dischargeable under 11 U.S.C. § 523[.]" (Appellant's Br. at 11-12.) Upon initial review, this argument has some facial appeal since § 523(a)(2)(A), by its terms, excepts from discharge "any debt for money, property, services . . . to the extent *obtained* by . . . fraud." (Emphasis added.) However, courts considering this provision have not read the word "obtain" so literally. The United States Supreme

Court concluded in *Cohen v. de la Cruz*, 523 U.S. 213, 222, 118 S. Ct. 1212, 1218 (1998), that "§ 523(a)(2)(A) bars the discharge of all liability arising from fraud."

In the specific context of a fraudulent transfer within the meaning of § 523(a)(2)(A), one court has observed:

> While the facts of this case may not neatly fit a paradigmatic construction of obtaining property by false pretenses, the reality of this case compels a finding of nondischargeability.
>
> It is too facile to say that the property "obtained by" the [debtors] was property they already possessed. The focus of Section 523(a)(2)(A)'s nondischargeability provisions must center on the harm caused to the creditor. [The debtor] intentionally conveyed his major asset in order to make it unavailable to creditors. By divesting himself of bare legal title while retaining all other indicia of ownership (possession, use, control) [the debtor] did in fact "obtain" for himself and [his codebtor wife] . . . property which would otherwise have been available for [the debtors'] creditors. Stated differently, what the [debtors] "obtained" by the transfer was property *free from creditors' claims*. In so doing, they obtained something *from their creditors*.

*Gentry v. Kovler (In re Kovler)*, 249 B.R. 238, 260 (Bankr. S.D.N.Y. 2000) (emphasis in original). *See also McClellan v. Cantrell*, 217 F.3d 890, 895 (7th Cir. 2000) (court of appeals noted that if the debtor had rendered a debt uncollectible by making an actually fraudulent transfer of the property that secured it, his actual fraud would give rise to a new debt, nondischargeable because created by fraud); *K-B Bldg. Co. v. Barber (In re Barber)*, 281 B.R. 617, 625 (Bankr. W.D. Pa. 2002) (debt owed by debtor which arose from judgment entered in state court fraudulent transfer action is excepted from discharge under § 523(a)(2)(A)). Moreover, pursuant to the Supreme Court's decision in *de la Cruz*, § 523(a)(2)(A) encompasses not only the compensatory damages portion of the Fraudulent Transfer Judgment, but also its punitive damages component. *See Cohen v. de la Cruz*, 523 U.S. at 223. Accordingly, we reject Debtor's argument that the bankruptcy court erred in awarding summary judgment in Conley's favor on his nondischargeability claim.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order is AFFIRMED.