*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0205p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

THE CHILDREN'S CENTER FOR
DEVELOPMENTAL ENRICHMENT,
                        *Plaintiff-Appellant,*

v.

KATHI JEAN MACHLE,
                        *Defendant-Appellee.*

No. 09-3382

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 08-00817—Gregory L. Frost, District Judge.

Argued: June 16, 2010

Decided and Filed: July 16, 2010

Before: SILER and GIBBONS, Circuit Judges; REEVES, District Judge.[*]

_____

## COUNSEL

**ARGUED:** S. Adele Shank, LAW OFFICE OF S. ADELE SHANK, Columbus, Ohio, for Appellant. Kathi J. Machle, R. J. DONOVAN CO., LPA, Columbus, Ohio, for Appellee. **ON BRIEF:** S. Adele Shank, LAW OFFICE OF S. ADELE SHANK, Columbus, Ohio, for Appellant. Kathi J. Machle, Richard J. Donovan, R. J. DONOVAN CO., LPA, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

SILER, Circuit Judge. Courtland and Michelle Bishop and their minor disabled son CB brought suit against the private school to which CB had been assigned after the

_____

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

school expelled CB.  The district court dismissed the claims, and the Bishops initiated administrative proceedings.  The administrator entered a final decision dismissing the school as an improper party to the action; the administrator later issued two additional final decisions reiterating that the school was dismissed as an improper party.  The school filed this action as an appeal of the administrator's decision and to assert separate claims for legal fees.  The district court reasoned that the appeal was untimely and attorney's fees were not authorized and dismissed the case.  For the reasons discussed herein, we affirm the decision of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Bishops reside with their minor son CB in the Worthington, Ohio School District.  Because of a disability, Oakstone Academy ("Oakstone"), part of the Children's Center for Developmental Enrichment's ("CCDE") non-profit business, provided educational services to CB pursuant to his Individualized Education Plan ("IEP").  In August 2005, after a dispute over the school's implementation of CB's IEP, the director of Oakstone informed the Bishops that CB no longer had a place at Oakstone.

On May 20, 2006, the Bishops, on behalf of themselves and CB, filed suit in U.S. District Court, alleging that they were injured as a result of CB's expulsion.  They sought relief under § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, and 42 U.S.C. § 1983.  In 2007, the district court dismissed for failure to exhaust administrative remedies under the IDEIA.  In doing so, it reasoned that Plaintiffs could not circumvent the exhaustion requirements of the IDEIA by also bringing claims under the Rehabilitation Act, the ADA, or § 1983.

The Bishops then sought to exhaust their administrative remedies by filing an administrative due process complaint against Worthington Schools, the Ohio Department of Education, and CCDE.  CCDE challenged the sufficiency of the complaint against it,

but the administrator deemed the complaint to be sufficient. Then, on November 8, 2007, the hearing officer granted CCDE's motion to dismiss on the basis that it was not a proper party to the action. The Bishops appealed this dismissal, and the State Level Appeals Officer ("SLO") denied the appeal by a "Final Decision and Entry" on January 28, 2008. On March 11, 2008, the SLO issued a second "Final Decision and Entry" in which it denied as moot CCDE's appeal of its decision that CCDE had been properly served, because CCDE had already been dismissed as an improper party. Meanwhile, the administrative action proceeded on the Bishops' claims against the other defendants. The SLO entered a "Final Decision and Entry" on those claims on July 11, 2008. With each of these decisions, the SLO included a notice regarding the rights of the parties to appeal the decision in a civil action.

On August 25, 2008, CCDE filed an appeal and action for attorney's fees against the Bishops and their counsel in the district court. Count I sought attorney's fees from counsel under IDEIA; Count II sought attorney's fees from counsel under Ohio law; Count III sought attorney's fees from counsel under 42 U.S.C. § 1988 (arising from the Bishops' § 1983 claim); Count IV sought attorney's fees from counsel under the Rehabilitation Act; Count V sought attorney's fees from the Bishops under IDEIA; Count VI sought attorney's fees from the Bishops under § 1988 (for their claims under § 1983); Count VII sought attorney's fees from the Bishops under the Rehabilitation Act; Count VIII sought attorney's fees from the Bishops under Ohio law; Count IX sought attorney's fees recoverable under principles of equity; Count X alleged that the due process complaint was insufficient in the underlying administrative claim; Count XI alleged that the administrative due process complaint was improperly served upon CCDE; and Count XII alleged that the administrative due process proceeding was untimely initiated.

The district court granted the Bishops' motion to dismiss this action, reasoning that CCDE's claim was untimely and that it had failed to state a claim on which relief could be granted.

**STANDARD OF REVIEW**

We review de novo a district court's decision to dismiss a matter for untimeliness or failure to state a claim on which relief could be granted. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *see ITT Indus., Inc. v. BorgWarner, Inc.*, 506 F.3d 452, 457 (6th Cir. 2007). In reviewing a grant of a motion to dismiss, we take the factual allegations pled in the complaint as true. *Lavado*, 992 F.2d at 605.

**DISCUSSION**

*I. Availability of Attorney's Fees under the IDEIA*

Counts I and V of CCDE's complaint seek attorney's fees under the IDEIA as part of CCDE's appeal from the SLO's final decision. The district court dismissed each of these claims as untimely. We do not address the timeliness of CCDE's appeal, however, because we can affirm the decision of the district court on any ground supported by the record. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002); *see Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000) (en banc). We do so here because CCDE has failed to state a claim for attorney's fees under the IDEIA on which relief could be granted.

The IDEIA authorizes an award of attorney's fees for parents who successfully bring claims under the IDEIA as well as for successful state or local educational agencies when the parents' claims were frivolous or unreasonable. The provision states:

> (B) Award of attorney's fees.
> (i) In general. In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
> (I) to a prevailing party who is the parent of a child with a disability;
> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or

(III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B). CCDE is neither a parent nor a state or local educational agency. In fact, CCDE has argued throughout that it cannot be liable under the IDEIA because it is a private school. We have found no other court that has specifically addressed the availability of attorney's fees to private schools under the IDEIA,[1] but we need not look further than the language of the statute itself. The statute authorizes attorney's fees for parents and, in certain situations, state and local educational agencies. It does not authorize attorney's fees for private schools. Thus, CCDE has failed to state a claim upon which relief could be granted under the IDEIA.

## II. Appeal of the SLO's Decision under the IDEIA

In Counts X, XI, and XII of its complaint, CCDE appeals the hearing officer's decision under the IDEIA that the Bishops' due process complaint was sufficient and timely and the SLO's decision that CCDE was properly served. The district court dismissed each of these claims as untimely, but again we affirm on other grounds. *See Abercrombie & Fitch Stores, Inc.*, 280 F.3d at 629. CCDE failed to raise timeliness (Count XII) or the sufficiency of the due process complaint (Count X) before the SLO, and those claims are thus waived. *See Mich. Dept. of Envtl. Quality v. Browner*, 230 F.3d 181, 183 n.1 (6th Cir. 2000) (concluding that claims not raised during the regulatory comment period were waived); *Cellnett Commc'ns v. FCC*, 149 F.3d 429, 442 (6th Cir. 1998) (holding that claims not raised before an administrative agency were waived). The SLO correctly concluded that CCDE's improper service claim (Count XI) was moot because all substantive claims against it were dismissed. *See Marzuola v.*

---

[1] Although some courts have been willing to consider expanding the definition of "parents" in the attorney's fees portion of the statute to include other legal guardians consistent with the definition of parent in the Code of Federal Regulations, *see, e.g.*, *Bowman v. Dist. of Columbia*, 496 F. Supp. 2d 160, 164-65 (D.D.C. 2007); *cf. Herbin v. Dist. of Columbia*, 362 F. Supp. 2d 254 (D.D.C. 2005), no such situation is present here. No statutory term could conceivably encompass a private school according to the IDEIA. This expansion is irrelevant to the case at hand.

*Cont'l Tire N. Am.*, 243 F. App'x 956, 960 (6th Cir. 2007) ("Because all of [Plaintiff]'s substantive claims were properly dismissed by the district court, there are no remaining claims against the [Defendant], and so the Rule 4(m) issue is moot."). The district court properly dismissed Counts X, XI, and XII.

### III. Availability of Attorney's Fees under § 1988 and the Rehabilitation Act

In addition to seeking attorney's fees under the IDEIA, CCDE sought attorney's fees under § 1988 and the Rehabilitation Act in Counts III, IV, VI, and VII of its complaint. The district court concluded that both § 1988 and the Rehabilitation Act allow only the tribunal that hears the substantive claim to award attorney's fees as part of the costs. Because the substantive § 1983 and Rehabilitation Act claims were not before the district court in this case, it concluded it was not authorized to award attorney's fees under either statute. The district court's interpretation of the Rehabilitation Act and § 1988 is correct.

On this point, § 1988 states: "In any action or proceeding to enforce a provision of [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In *North Carolina DOT v. Crest Street Community Council, Inc.*, 479 U.S. 6 (1986), the Supreme Court held that attorney's fees under § 1988 could not "be sought in a court action *other than* litigation in which a party seeks to enforce the civil rights laws listed in § 1988." *Id.* at 12 (emphasis in original). It reasoned that

> [t]he plain language of § 1988 suggests the answer to the question whether attorney's fees may be awarded in an independent action which is not to enforce any of the civil rights laws listed in § 1988. The section states that *in the action or proceeding to enforce* the civil rights laws listed—42 U. S. C. §§ 1981, 1982, 1983, 1985, 1986, Title IX, or Title VI—*the court* may award attorney's fees.

*Id.* (emphasis in original). The Court went on to say that "[o]n its face, §1988 does not authorize a court to award attorney's fees except in an action to enforce the listed civil

rights laws," *id.*, and that the legislative history supported this reading of the statute, *id.* at 12-13.

This is not an action to enforce § 1983 or another listed civil rights law. Instead, it is simply an appeal of the administrator's determination of the sufficiency of the IDEIA due process complaint and a stand-alone claim for attorney's fees under state and federal law and principles of equity.[2] Since none of these claims seek to enforce a listed civil rights statute, the district court correctly concluded that it could not award attorney's fees under § 1988.

Similarly, § 794a of the Rehabilitation Act provides as follows: "In any action or proceeding to enforce or charge a violation of a provision of this subchapter [29 U.S.C. §§ 790, *et seq.*], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). Like § 1988, this provision refers only to the court hearing the action or proceeding when it authorizes attorney's fees as part of costs. Thus, it too contemplates a single action involving both the substantive claims and the attorney's fees. *Cf. Crest St. Cmty. Council, Inc.*, 479 U.S. at 12. *But see Eggers v. Bullitt County Sch. Dist.*, 854 F.2d 892, 897 (6th Cir. 1988) (concluding that similar language in the IDEIA permits a parent who has prevailed on the administrative level to file a separate action in federal court to recover attorneys' fees). The district court correctly concluded that it was not authorized to award attorney's fees in this instance.

---

[2] The Bishops' substantive claims under § 1983 and the Rehabilitation Act were brought in *Bishop v. Children's Center for Developmental Enrichment*, No. 09-3383, also pending before this court. It appears that would have been the proper case in which to bring a claim for attorney's fees under § 1988 and § 794a. This opinion does not address whether CCDE could amend its pleadings in that case to seek attorney's fees.

## IV. Availability of Attorney's Fees under Principles of Equity

Finally, CCDE argues that the district court erred by concluding that it did not have the authority to award attorney's fees under general principles of equity.[3] In general, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Congress, not the judiciary, may create exceptions to this "American Rule." *See id.* at 249-50. Thus, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Id.* at 257.

Despite this rule, federal courts have inherent power to manage their cases, which includes the power to sanction conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see id.* at 43-46 (discussing the inherent powers of federal courts). Consequently, "'in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel,' even though the so-called 'American Rule' prohibits fee shifting in most cases." *Id.* at 45 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). This inherent power to assess attorney's fees, however, arises from the court's authority "'to manage [its] *own* affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* at 49 (emphasis added) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). This rationale does not extend to cases in other courts. The inherent power of a court to manage its own affairs by assessing attorney's fees does not also empower it to assess fees in cases litigated in other venues. In fact, such a conclusion would infringe on the inherent power of other judges to manage *their own* affairs. Thus, the district court was right to conclude that even though it has inherent authority to award attorney's fees in

---

[3]At the district court, CCDE also argued that it was entitled to attorney's fees under various unnamed provisions of Ohio law. Because CCDE failed to specify which Ohio laws provided for attorney's fees, the district court considered several likely candidates before concluding that none provided it with authority to award attorney's fees in this situation. CCDE has waived this argument by failing to raise it on appeal. *See Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("We consider issues not fully developed and argued to be waived.").

exceptional cases before it, the "inherent authority of a court to award attorney fees applies only to those matters originally heard by that court."

**AFFIRMED.**