# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3345

PETER GAKUBA,

*Plaintiff-Appellant*,

*v.*

CHARLES O'BRIEN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 12 C 7296—**Ruben Castillo**, *Judge.*

SUBMITTED FEBRUARY 14, 2013[*]—DECIDED MARCH 25, 2013

Before POSNER, WOOD, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* Peter Gakuba appeals the district court's dismissal of his civil-rights lawsuit against law

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the appeal is appropriate for summary disposition. The appeal is thus submitted on the brief and the record. See FED. R. APP. P. 34(a)(2)(C).

enforcement personnel and others who participated in a criminal investigation of him that led to sexual abuse charges, which remain pending. Because the district court should have stayed some of his claims and allowed others to proceed, we vacate and remand.

In 2006 a runaway teenager accused Gakuba of kidnapping and raping him in Rockford, Illinois. Gakuba alleges that investigating police barged into his Rockford hotel room without a warrant and seized his wallet and other unspecified items. The police acted after obtaining Gakuba's video rental records from Hollywood Video to corroborate the accuser's story that he had spent time watching videos in Gakuba's room. Gakuba was charged in Winnebago County Circuit Court with three counts of aggravated sexual abuse; those charges remain pending. See 720 ILCS 5/12-16(d) (2006).

In 2012 Gakuba filed a complaint in the Eastern Division of the Northern District of Illinois under 42 U.S.C. § 1983, alleging that police officers and state prosecutors violated his civil liberties by searching his hotel room, seizing his belongings, detaining him, and abusing the judicial process by attempting to revoke his pretrial bond to dissuade him from filing a civil suit. He also sought damages under the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710. (He asserts that he did not learn that Hollywood Video disclosed his rental records until a pretrial hearing in 2011.)

The district court dismissed the suit without prejudice, granting Gakuba leave to amend his complaint if the pending indictment in his criminal case concluded in

his favor. The court advised Gakuba that certain claims against some of the defendants would be barred on immunity grounds, and that any refiling of the case should be made in Rockford (the Western Division of the Northern District of Illinois), the site of his allegations. (We note that although the district court could have transferred the case to the Western Division, see 28 U.S.C. § 1404(a), venue would be proper in either division, see *id.* § 1391(b)(2); *Graham v. UPS*, 519 F. Supp. 2d 801, 809 (N.D. Ill. 2007); 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3809 (3d ed. 2007). Divisional venue was abolished by the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, Title X, § 1001(a), Nov. 19, 1988, 102 Stat. 4664.) The court denied Gakuba's postjudgment motions to reconsider and his request for leave to appeal *in forma pauperis.*

On appeal Gakuba asserts that his pending state criminal case does not prevent him from asserting his § 1983 claims, which arise out of the defendants' conduct in investigating or prosecuting his case (he also clarifies that he is not raising a claim of malicious abuse of process). At first glance, one might ask whether Gakuba's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). But *Heck* does not apply absent a conviction. See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).

It is *Younger v. Harris,* 401 U.S. 37 (1971), with which we must be concerned. *Younger* holds that federal courts must abstain from taking jurisdiction over federal con-

stitutional claims that may interfere with ongoing state proceedings. See *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Gakuba's claims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of his criminal case, see *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2003) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). Deciding those issues in federal court could undermine the state court proceeding, see *Simpson*, 73 F.3d at 138. Because monetary relief is not available to him in his defense of criminal charges, however, and because his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims. See *Simpson*, 73 F.3d at 138-39; see also *Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Habich v. City of Dearborn*, 331 F.3d 524, 533 n.4 (6th Cir. 2003).

Gakuba also continues to press his contention that Hollywood Video violated the VPPA when it turned over his video rental records to the police. The Act makes "video tape service providers" civilly liable to their customers if they disclose their rental information under certain circumstances. See 18 U.S.C. § 2710(b)-(c); *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 538 (7th Cir. 2012). According to Gakuba's complaint, Hollywood Video appears to qualify as such

a service provider, see 18 U.S.C. § 2710(a)(4); *Daniel v. Cantrell*, 375 F.3d 377, 383 (6th Cir. 2004), and its employees knowingly disclosed his rental information to the police without a warrant, see 18 U.S.C. § 2710(b)(1), (b)(2)(C); *Daniel*, 375 F.3d at 381. Therefore, the district court should not have dismissed Gakuba's VPPA claims against Hollywood Video.

The judgment of the district court is VACATED and the action is REMANDED for further proceedings consistent with this opinion.