NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 20, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3694

| | |
|---|---|
| LYLE R. HARRISON,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-C-0957 |
| MOULTRIE COUNTY, ILLINOIS, et al.,<br>    *Defendants-Appellees.* | Lynn Adelman,<br>*Judge.* |

## O R D E R

Lyle Harrison has been entangled in two land disputes that have spawned several civil and criminal proceedings in Illinois state courts. He brought this suit in the Eastern District of Wisconsin, alleging a conspiracy among farm owners, several Illinois state-court judges, and others to deprive him of his property. The district court dismissed Harrison's suit for lack of subject-matter jurisdiction and for failure to state a

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

claim. We vacate in part, affirm in part, and remand with instructions to stay some of Harrison's claims.

As best as we can tell, Harrison's legal troubles can be traced to two state-court actions against him. The first involved a farm co-owned by Harrison's father and distant relatives ("Harrison Family Farm"). The families formed a partnership in 1983 to oversee the farm's management. But the partnership started to unravel in 2011 when Harrison's father unilaterally gave Harrison full management responsibilities over the farm. For the next few years, Harrison and his immediate family collected substantial profits without accounting for the farm's proceeds. The co-owners brought a civil suit, and ultimately an Illinois state court entered a substantial judgment against Harrison.

Meanwhile, in 2012, Harrison sent a demand letter to some other relatives, claiming that he owned their plot of land ("Willoughby Farm"), too. In fact, he did not own the land, but that did not stop him from harvesting its corn without permission. He was convicted of theft, but on appeal his case was reversed and remanded because he had been denied the right to proceed pro se. According to Harrison, the case is still pending in state court.

Harrison then filed this federal suit, alleging several causes of action related to his state civil and criminal proceedings. The district court dismissed the complaint at screening, 28 U.S.C. § 1915(e)(2)(B), finding that most of Harrison's claims fall under the *Rooker-Feldman* doctrine and the rest fail to state a plausible claim for relief.

We agree with the district court that some of Harrison's claims—specifically those related to his rights in the Harrison Family Farm—are barred under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Harrison is an unsuccessful litigant who believes that the state judgment against him should be expunged and the disputed land, along with its profits and federal subsidies, should be awarded to him alone. But "cases brought by state-court losers complaining of injuries caused by state-court judgments" are not reviewable in federal court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The state courts already adjudicated Harrison's interest in the family farm, and we cannot entertain his invitation to modify the judgment to his liking.

Harrison also asserts, as he did in state court, that the judge presiding over his state civil case had a conflict of interest because he owned stock in a bank that assumed managerial responsibilities over the family farm. To the extent that Harrison has

preserved this judicial-bias argument on appeal, it is barred by issue preclusion. A federal suit "to obtain damages for the unlawful conduct that misled the [state] court into issuing the judgment" falls outside the purview of the *Rooker–Feldman* doctrine. *See Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015) (quoting *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014)). But state preclusion laws still apply and may bar further consideration of the claim. *See Exxon*, 544 U.S. at 292–93; *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993).

Harrison already argued judicial bias in state court, and the Illinois Appellate Court twice concluded that the presiding circuit-court judge did not have a conflict of interest. *See Huggins v. Harrison*, 2017 Ill. App. (4th) 170026-U, ¶ 54 (Aug. 18, 2017). Because Harrison had "a full and fair opportunity" to litigate the issue in state court, *see American Family Mutual Insurance Company v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000), he is barred from rehashing the same argument in federal court. *See Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001).

But the *Rooker-Feldman* doctrine does not bar Harrison's claims regarding the Willoughby Farm—the subject of the state criminal proceeding—because the state court has not issued a final judgment. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) (prohibiting challenges to "state-court *judgments*" (emphasis added)). According to Harrison, the theft conviction was vacated and he is awaiting a retrial. Thus, Harrison's claims of malicious prosecution, obstruction of justice, and violations of his speedy-trial rights fall outside the purview of *Rooker-Feldman*.

But those claims are barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 41 (1971). Federal courts must abstain from disturbing ongoing state litigation unless extraordinary circumstances warrant an intervention. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987). Here, there is no compelling reason to disrupt Harrison's criminal prosecution in Illinois; he can challenge the fairness of the proceedings and raise speedy-trial issues,[1] if any, in his ongoing state-court case.

---

[1] A well-founded claim that a petitioner's right to a speedy trial has been violated can be an exceptional circumstance requiring immediate federal intervention. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). But here, Harrison has not meaningfully developed any argument that his Sixth Amendment rights are being violated. *See Barker v. Wingo*, 407 U.S. 514, 530–33 (1972) (setting forth factors relevant to whether a delay violates a defendant's constitutional rights).

*See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). We note, however, that the proper disposition of the federal claims relating to the criminal prosecution would have been a stay, not a dismissal, so we must vacate the judgment. *See id.* Harrison may pursue these claims, if any remain, after the criminal case ends (although we do not opine on whether they are viable).

We VACATE the judgment and REMAND the case with instructions to stay the federal claims stemming from the criminal prosecution. Otherwise, we AFFIRM.