NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022*
Decided March 21, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2412

| | |
|---|---|
| HELENE-TONIQUE LAURENT MILLER-WILLIAMS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:20–cv–7437 |
| CAROL M. HOWARD, *et al.*, *Defendants-Appellees*. | Robert M. Dow, Jr., *Judge*. |

## O R D E R

Helene-Tonique Laurent Miller-Williams filed a civil lawsuit in the Circuit Court of Cook County, alleging that criminal charges pending against her in the same court violated her civil rights. *See* 42 U.S.C. § 1983. After the defendants removed the case to

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

federal court, the district court granted their motion to stay the case under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 41 (1971). The district court explained that allowing Miller-Williams to proceed with the federal civil case while the state criminal case was still pending might interfere with the parties' ability to litigate both cases.

Miller-Williams generally contests the district court's ruling, urging that her claims should move forward. But she does not address the district court's reasoning or the stay. *See* FED. R. APP. P. 28(a)(8)(A) (appellate brief must contain the appellant's "contentions and reasons for them, with citation to the authorities and parts of the record on which the appellant relies"). Regardless, the district court was correct to stay the case under *Younger*. Federal courts must refrain from taking jurisdiction over federal claims that risk disturbing ongoing state-court proceedings. *See Younger*, 401 U.S. at 41; *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). That is the case here. Miller-Williams's civil claims—albeit murky—arise from the same events that underlie the Illinois criminal charges, so any resolution of those claims in federal court could undermine the state court's proceedings. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). No exceptions to the Younger abstention principles apply here.

AFFIRMED