NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022[*]
Decided April 4, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1410

| | |
|---|---|
| WILLIAM ROBERT SHAW,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-C-1533 |
| COUNTY OF MILWAUKEE, et al.,<br>    *Defendants-Appellees.* | William C. Griesbach,<br>*Judge.* |

**O R D E R**

William Shaw, a state pretrial detainee, was arrested by Milwaukee police for drug possession. He then filed a complaint in federal court, alleging that Milwaukee County as well as the police officers, lawyers, and judge involved in his arrest conspired to violate his rights under federal and state law. The district court dismissed Shaw's complaint on various immunity grounds and for failure to state a claim. We agree with

---

[*] Appellees were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

the district court that several of the state actors are immune from suit and affirm the judgment in part on that basis. But because Shaw's criminal cases are still pending in Wisconsin courts, we vacate the court's judgment with respect to his remaining damages claims and remand with instructions to stay the proceedings.

In reviewing the dismissal of Shaw's complaint, we accept all well-pleaded facts as true and make all reasonable inferences in his favor. *Calderone v. City of Chi.*, 979 F.3d 1156, 1161 (7th Cir. 2020). As Shaw describes, Milwaukee police recorded a phone call that he had with Trina Florez, a confidential informant. Florez told Shaw to go to her house to collect money she owed him. When Shaw arrived, however, police arrested him without a warrant, searched him, and found heroin, cocaine, and firearms. An officer later established probable cause for the arrest by referring to Florez's directive to Shaw in the recording to "come through with heroin," as Shaw did. But in the recording, Shaw says, Florez only mentioned the money he was to pick up. Based on the officer's statement, a judge found probable cause for Shaw's arrest.

County prosecutors charged Shaw with possession of heroin, and they introduced into evidence a transcript of the call recording. They also introduced the transcript in another of Shaw's criminal cases. Both cases against Shaw remain pending. *See State v. Shaw*, No. 2017CF00355 (Wis. Cir. Ct., filed July 22, 2017); *State v. Shaw*, No. 2017CF000769 (Wis. Cir. Ct., filed Feb. 18, 2017).

During an evidentiary hearing, the officer who filed the probable-cause statement admitted that the recording did not capture Shaw saying he would "come through with heroin." As Shaw recounts, the judge brushed aside the falsified evidence as irrelevant and said that the veracity of the statement was for the jury to find. The judge also tampered with the court record, Shaw says, and endorsed a practice of fabricating evidence to sanitize unjustifiable, warrantless arrests.

Shaw brought this civil-rights suit for damages and injunctive relief against the officers, prosecutors, and judge involved in his criminal cases as well as his standby public defender and Milwaukee County. *See* 42 U.S.C § 1983. He alleged a Fourth Amendment claim against the officers regarding his arrest and the probable-cause statement; a "privacy rights" claim (under the Fourth Amendment and various statutory protections) against the prosecutors for disclosing the call recording in court; Fourteenth Amendment "equal rights" and "due process" claims against the prosecutors, standby counsel, and the judge; and a "municipal liability claim" against Milwaukee County for its alleged practice of justifying warrantless arrests with fabricated probable-cause statements and disclosing transcripts of private calls in court.

At screening, 28 U.S.C. § 1915A, the district court dismissed Shaw's complaint for failure to state a claim. With respect to his claims regarding the recorded call, the court ruled that Shaw had no reasonable expectation of privacy on a call in which the other party was an informant, so he had no claims with respect to the recording of the call or its disclosure. As for Shaw's false-arrest claims, the court found that notwithstanding the probable-cause statement, the drugs found during the arrest sufficed to establish probable cause. The court added that in any event, the prosecutors, public defender, and judge must be dismissed because they cannot be sued under § 1983 for actions stemming from their roles in the criminal judicial process. Finally, the court concluded that even if Shaw had alleged a constitutional claim, the court would have abstained from resolving it because of potential interference with his ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971).

On appeal, Shaw argues that the district court mischaracterized his allegations and failed to consider the facts in the light most favorable to him. For instance, he says, the court misconstrued his privacy claim as challenging the officers' recording of his call, rather than the prosecutors' disclosure of the recording in court. He argues that the court wrongly discounted his allegations regarding Milwaukee's policy of disclosing recordings such as of his call, which he characterizes as privileged. He also faults the court for mischaracterizing as a "state law tort claim" his allegations that Milwaukee County had a widespread practice of fabricating probable-cause statements to justify warrantless arrests. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978).

For starters, Shaw does not engage the district court's reasons for concluding that he may not bring claims against the state prosecutors, judge, or standby counsel under § 1983. The district court properly dismissed these claims. Prosecutors and judges are immune from damages claims stemming from their roles in the criminal judicial process. *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (collecting cases). And Shaw may not sue his standby counsel because a public defender is not a "state actor" under § 1983 when performing the traditional functions of counsel. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

That leaves Shaw's claims against Milwaukee County (for its alleged acceptance of fabricated evidence to cover up unconstitutional arrests and for improper disclosure of call recordings such as his own) and several police officers (for falsifying the probable-cause statement that justified his arrest). The district court dismissed these for failure to state a claim, but that ruling was premature. Shaw's criminal cases are still pending, and federal courts should abstain from deciding claims that call into question

ongoing state proceedings. *See Younger*, 401 U.S. at 43–44; *see also J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Resolving the constitutionality of law enforcement's conduct throughout Shaw's cases would inject this court into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention. *J.B.*, 997 F.3d at 722; *see also SKS & Assocs. v. Dart*, 619 F.3d 674, 677–79 (7th Cir. 2010) (collecting cases). But because monetary relief is not available to him in his defense of state criminal charges (and because his claims may become time-barred by the time the state prosecution has ended), the district court should have stayed rather than dismissed Shaw's damages claims. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

We AFFIRM the district court's judgment as to those defendants immune from suit under 42 U.S.C. § 1983 and as to Shaw's claims for injunctive relief. We VACATE the court's dismissal of Shaw's damages claims against the remaining defendants, and REMAND with instructions to stay this action.